Yes, Your Honor. Yes, Your Honor. I'm Joseph Brooks. I'm here. I understand I'm orally here, but not video-wise. Okay. So, Mr. Burglatt? Good morning, Your Honors. May it please the Court, Stephen Burglatt for Clark County Bank Corporation. I'll be referring to it as CBB. I'd like to reserve three minutes, if I may. The Notice of Disallowance, which is ER 184, provides, quote, pursuant to statute, if you disagree with this disallowance, you may file for an administrative review or file a lawsuit within 60 days. The FDIC gratuitously states at the bottom of the page, it will not agree to the administrative review. Therefore, CCB filed a lawsuit within 60 days in the appropriate court. Mr. Burglatt, I'm having a hard time seeing how the claims here are not the same claims that the District of D.C. addressed in the earlier litigation. So maybe you can address or talk to me why isn't the D.C. court's dismissal, for lack of subject matter jurisdiction, for that matter, the D.C.'s determination that FIREA applied to the claims regarding the tax return as preclusive? Yes, Your Honor. It was a case challenging the constitutionality of the statutes and regulations that permitted the IRS to make payable CCB's tax refund checks to another party. The claim was primarily against the IRS. In fact, the FDIC was added in a second amended complaint. The court did not agree with the constitutional claim and the FDIC did file a motion to dismiss under FIREA. However, the district court decision says over and over it is not a tax refund case. That is exactly what the two cases before the court today are. And in fact, the first of those cases was commended. But the issue at stake was identical, it seems to me, in both proceedings. The issue was actually litigated and decided in the prior proceedings and there was a flawed opportunity to litigate the issue. I'm sorry, not at all, Your Honor. The tax allocation agreement and the determination of the refunds was not at all an issue. It's not the complaint, it doesn't mention it at all. The complaint is about six counts or violations of the constitution, which the court did not agree with. The tax refund determination would occur thereafter. The D.C. case was about the delivery of the tax refunds to anyone other than the taxpayer. And on that issue, apparently FIREA applied as to the FDIC. The tax refund determination and what would go to the parent and what would go to the subsidiary is not in the complaint. It's not mentioned anywhere. It is not in the decision. And it is fact the judge's decision in the District of Columbia saying we should file a tax refund case. Now, the judge had that case and it was assigned to him in July of 2014. This decision came out in September of 2014. If the judge believed he had decided that case, he certainly would have indicated that in his decision. Now, about a month later, there was a motion to transfer that case to the Washington District Court because other matters were going to be handled there. And it made sense for with more than one litigation to all be where most of the witnesses were. Now, when that motion of transfer is filed, the month after the D.C. decision, there was no statement that, oh, this case has been decided already. It's not up to the first court to make that decision. Obviously, it's up to the second court to make the decision of whether or not the preclusion applies. The first court can't make that decision. And then going further, I mean, you said you characterized this Washington, D.C. action for Judge Goldberg as a tax refund proceeding. But, you know, he said many times, I don't understand why you're not bringing a tax refund proceeding. Right. Did he say that time and time again? Yes, your honor. And that is the case that was started in July of 2014. That's not the constitutional case. Now, if it's for now the state of Washington District Court to determine issue preclusion, that matter was raised five times below by the FDIC and not adopted. At any point in time. So there are at least five, four times where the case could have been dismissed in Washington. But we're not bound by that District Court's failure to adopt it. The question is, you know, could it have been adopted because we can affirm on any basis supported by the record? Of course, your honor. But I don't think it's worth it to argue, well, you know, District Court has five chances to claim preclusion and didn't adopt it. I mean, that doesn't get you anywhere. I think it would be very telling to compare the complaints. The complaint in the District of Columbia says nothing about a tax allocation agreement, nothing about a tax refund determination. Now, once the delivery of the checks issue was resolved. Now, the tax refund determination situation first commences. And that's also by virtue of the fact that the FDIC during this period sent a notice of discovery of new claim. That's a totally separate situation. And that was not decided at all in D.C., nor was the notice of disallowance. Although the last 28 J letter suggests that just because the notice of disallowance is dated a few days before the September decision in D.C., it was completely adjudicated. There were no depositions, no document discovery. You didn't, I mean, the judge in D.C. determined that you didn't exhaust your administrative remedies. With regard to the constitutional claims that were involved. That is correct. But at the same time, the judge had another case. Let me ask you because I wanted to ask you about the notice of disallowance that you are really relying on. Assuming FIRA applies and CCB did not timely file a claim with the FDIC. What's your best authority that the FDIC's notice of disallowance could confer subject matter jurisdiction on a federal court? Is there any case on point in this circuit? I think there are a number of cases where as long as the lawsuit is filed timely and alleged untimely administrative claim is of no merit. And that's the Carlisle cases. I would also add with regard to D.C. and I'd like to reserve the rest of my time. We've had superseding controlling law. We have a Supreme Court decision in Rodriguez and FDIC United Western. No FIRA exhaustion in that case. The Supreme Court is telling us as CCB has maintained FIRA exhaustion does not apply to tax refund determinations. It is not something that is of the FDIC. Once it's issued by the IRS, there's still a tax refund determination to occur. It's either going to be by agreement of the parties or by court. But the problem with the Carlisle case that you cite, at least from what I can tell, and so I wanted to give you an opportunity to talk about it. Carlisle and the other cases that you cite established only that a claimant may be able to file a claim after the claims bar date if the claim arises after the bar date. That's not the situation here. Well, yes, it is, Your Honor, because first of all, on the bar date, there is no claim. There are no refunds around. No one even knows if a refund will be granted. Also, on that date, you can only ask for two years of refunds. So if there comes a point in time, and there was about 2010-2011 when the law was changed, that now five refunds are at issue. It seems like here, I thought it was undisputed that CCB failed to file a claim either by the claims bar date or by the date specified in the FDIC's January 2014 Notice to Discovered Claimant. I'm sorry, Your Honor.  The January 14th notice, as indicated, was not received by the CCB until June or July when it responded immediately. I'd also refer to the long Supreme Court decision. I know we have a split decision on this panel at the Ninth Circuit that those are claims processing rules. The date is not jurisdictional to respond and certainly cannot be Notice of Newly Discovered Claim and then a Notice of Disallowance. One of the issues is there was no Notice of Newly Discovered Claim until 2014. That would presume if there were a claim in 2010, 11, 12, 13, that there would have been a Notice of Newly Discovered Claim, but it was never sent until 2014. So the suggestion that there was a claim to file before then appears contradictory to the FDIC's own Notice of Newly Discovered Claim. Actually, you're out of time, but I'll give you a minute for a rebuttal. Thank you, Your Honor. Good afternoon, Your Honor. I don't know that you can see me at all, but I'd just like to check with the court and make sure that I'm coming through on the audio. You are coming through on the audio for me. Thank you. Thank you, Judge Murdia. May it please the court, I am Joseph Brooks from the FDIC's Appellate Litigation Unit. The court has properly focused the argument thus far on preclusion because the preclusion case is clear. Not to belabor the issue, but the facts, if you will, that relate to the preclusion case are totally constituted of the D.C. Court's decision in the first Clark County Bank Corporation case, which I'll refer to as CCB1. With respect to what was at issue in this case, at page one of the decision, as the court knows, in case you need to reference it, a copy of this decision is at the back of the FDIC's brief. But at page one, the court tells us right away what was at stake in that case. Quote, the relief actually requested is the return of a tax refund issued to the subsidiary bank's receiver instead of to its parent company, unquote. That is precisely what's at issue in this case. When the court got to the part of its opinion, beginning at page 13, it deals with the claims, the many claims against the FDIC receiver. It notes that the court will consider Clark County's claims, among others, for declaratory relief. So that was the same thing that we have here. Moving on to page 14, the court got to the nub of the issue. The court points out that section 1821D13D acts as a jurisdictional bar to claims or actions by parties who have not exhausted their administrative remedies. And following up on Mr. Berglas's last comment, this is not a claims processing rule case. 1821D13D says, and I quote, except as otherwise provided in this subsection, no court shall have jurisdiction. And all that's otherwise provided is the claims process. Mr. Brooks. Yes. Let me ask you, because it seems that CCB is arguing that this notice of disallowance that they later received, they're arguing that that, in their view, makes this a different claim at issue. And so can you respond to that in light of the FDIC's, you know, actual sending that notice of disallowance stating that CCB had the authority or had the ability to sue? Can we say that the DC court decided the same jurisdictional issue before us? Your Honor, what we can say is this. The notice of disallowance cannot vest jurisdiction here for two reasons. Essentially, what's being argued is that there was a jurisdictional problem that could be cured. And CCB relies on the fact that the notice of disallowance was not addressed by the DC court's decision. Of course, the party at fault for that is none other than CCB, because the rule, and it's spread across many courts of appeals. I couldn't find a Ninth Circuit case, Your Honor, but we provided the Home Builders case out of the DC circuit and the off-highway case out of the Tenth Circuit, citing a number of other circuits. The rule is this. If the curing occurrence, if the fact that is asserted to cure the jurisdictional defect occurs prior to dismissal, then it is not relevant for preclusion purposes. And the reason for that, as the DC court explained, is the very liberal rules for amending a complaint in federal district court, which allows it to be amended up to the date of dismissal. It was the obligation of CCB to bring the notice of disallowance to the attention of the DC court if it thought it relevant to the jurisdiction issue. The notice of disallowance was issued on August 26th, 2014, and the dismissal in CCB1 was not issued until September 19th. And there's a second reason in any event. Mr. Brooks, I want to understand your argument. Are you saying that Judge Boasberg was not aware of the 60-day provision in the notice of disallowance? No, what I'm saying is there is nothing in his decision that addresses the notice of disallowance at all. I do not know whether or not he was aware of it, but I know it occurred a month before his dismissal, and the law says on issue preclusion that in order for a new fact or event to impact the preclusive effect of a decision, that fact has to occur after the dismissal. Otherwise, as the DC circuit points out, people can keep coming up with stuff that they forgot to bring up. You're on the FDIC legal staff. What is the purpose of putting that 60-day provision in the notice of disallowance? The notice of disallowance... Why did the FDIC put that in there? Because the statute provides that after the FDIC makes a decision, a party has 60 days to contest that decision. But this is a different circumstance aside from the timing issue for this reason. The notice of disallowance, it's at ER 184, was because the claim had not been filed before the claim bar date. Your Honor, it simply cannot be the case that a person can cure a late filed claim by simply filing a claim with the FDIC and having the FDIC deny it. So yes, it is true they could go to court within 60 days. And it's equally true that the court could look at the facts and say, yes, but you had a late filed claim and this court has no jurisdiction. So, A, it's too late because the notice of disallowance existed before the dismissal. But B, it cannot cure anyway. What we are dealing with here, Your Honor, is a non-curable jurisdictional defect. And here's why. The only exception to failure to file a claim by the claims bar date is where the claimant did not have notice of the appointment of the receiver in sufficient time to file a claim. Counsel, so I take it that if those were the facts, then their suit within 60 days would be meritorious and could be so adjudicated. I mean, anybody can sue, but if their claim is not meritorious, if they miss the bar date and have no excuse for it, then they can file the suit. It's just not meritorious. So I wouldn't use the word meritorious, Your Honor. It's they can file the suit. But the court is without subject matter jurisdiction to entertain the claim. Every court always has jurisdiction to determine whether it has jurisdiction. And in a case like this, where I was using jurisdiction imprecisely, that is to say that it gets in the door, but the defect is that they didn't file back before the claim date, bar date. Absolutely, Your Honor. We do not dispute that they could file a lawsuit 60 days after they received that notice of disallowance. But if they did, they would lose for three reasons, two of which are relevant to what we're talking about now. One, because the subject matter jurisdiction had already been decided against them. And two, even if this court looked at it afresh, the subject matter jurisdiction issue would have to be decided against them. So, yes, they can file a lawsuit, but there's no subject matter jurisdiction. And so, Your Honor, this notice of disallowance changes nothing. And I'm looking at some of the other points. They say that this is not a tax refund case, and they say that the district court in the D.C. case told them to go file a tax refund case. That's not true. Not only did the court not do it, the court couldn't have done it. The court refers to tax refund cases that can be brought under, I think it's 26 U.S.C. section 7244. The right section is in there. But in any event, it's a tax refund case that can only be brought against the I.R.S. and that can only be brought after exhausting the I.R.S.'s claims process. There is no tax refund case that could have been brought against the F.D.I.C. that was not brought against the F.D.I.C. in C.C.B. 1. And in any event, Your Honor, yes. Mr. Burglass relies on Carlisle Tower Condo. Can you address that? Sure, Your Honor. Carlisle Tower deals with a situation where a claim is not in existence at the time that the receivership is created. Or even at the time that the claims bar date expires. So what happens in Carlisle Towers is the court says, well, we have somebody here for whom it was impossible. It was impossible to file the claim by the claims bar date because the claim didn't exist. And the Carlisle Towers case explicitly said this case is based on the proposition that the claim we're looking at arises after the bar date. Now, the F.D.I.C. at that time had adopted a practice of dealing with these claims that arise after the bar date by giving the parties an additional period of time to bring the claim. But that doesn't apply here. Carlisle Towers has absolutely nothing to do with this case, which is not about a failure to meet a subsequent period of time allotted by the F.D.I.C. to file a claim. Rather, this case is about a failure to file a claim that existed before the bar date by the bar date. That is a jurisdictional defect that can never be corrected because, again, the only exception to that jurisdictional bar is where the claimant does not have notice in sufficient time before the bar date of the receivership. It is undisputed on this record that C.C.B. knew of the receivership on day one. That can never apply. That can't be cured. Therefore, what we have in this case is a non-curable jurisdictional defect, and anything that happened after C.C.B. 1 could never cure it. All right. Thank you very much, Mr. Brooks. Mr. Burglass, I'll give you a minute for rebuttal. Thank you, Your Honor. Tax refund determination, which are the two cases before you, was not before the D.C. court and is not subject to FIREA exhaustion. If you just read the prayers for relief in the D.C. court. When you say the tax refund is not subject to FIREA exhaustion, isn't that because, as Mr. Brooks says, the tax refund case can only be filed against the IRS? No, the tax refund determination. I misspoke, Your Honor. You have the Rodriguez Supreme Court case, a tax refund determination case. There's no FIREA exhaustion because the refunds aren't anybody's. You have the Downey case. Same. You have the Netbank case, both cases where the FDIC filed tax returns. There's no FIREA exhaustion. You have Bank United, which expressly had the issue before and said FIREA doesn't apply to a tax refund determination. Now, Mr. Brooks fails to mention to you that somehow a five-year tax refund determination case should have been known to someone before 2009 when only two years of refunds were available. Furthermore, the first notice of newly discovered claim by the FDIC is in 2014. Now, they sent plenty of transmissions to CCB in 2010, 11, 12. Not at once did they say, by the way, please also see attached a notice of newly discovered claim. We've become an additional agent. That means you have a newly discovered claim. File under FIREA. Not a single time. I might just finish by stating that notwithstanding any interpretation of the D.C. case, and it's telling that that D.C. complaint was not placed before the court. It's a matter of public record. And the prayer for relief has nothing to do with what's before this court. Rodriguez was a bankruptcy case, was it not? It makes no difference. It's a tax refund determination. There was no newly discovered claim either. That proves the point that a tax refund determination does not implicate FIREA. Now, the fact is there was a notice of newly discovered claim here, which is all the more reason why the notice of disallowance possesses jurisdiction and must be determined for the one and only reason. There's nothing in there about monetary reasons. I would just add that assuming this D.C. ruling applies, there's been a change in the controlling law, whether it be the Supreme Court in Rodriguez, the Supreme Court in Juan, Downey. These are all afterwards. There is no FIREA exhaustion requirement. And to the extent there is an alleged late administrative claim, that still does not deprive jurisdiction. Thank you very much. Thank you, Your Honors. Thank you both for your presentations here. Appreciate it very much. The case of Clark County Bank Corporation versus Federal Deposit Insurance Corporation is now submitted.
judges: Boggs, Tashima, Murguia